UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SLEP-TONE ENTERTAINMENT CORPORATION, ) ) ) | |
| Plaintiff, ) | Case No. 12-cv-5750 |
| v. ) ) | Judge John W. Darrah |
| DANIEL ROBERTO, *et al.*, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Slep-Tone Entertainment Corporation ("Slep-Tone") has brought this action against several Defendants, alleging, *inter alia*, infringement of Slep-Tone's trademarked karaoke discs. Defendants Gary DeLong, Arrowsound Entertainment ("Arrowsound"), and D&R Catering Co., Corner Clubhouse Bar and Grill d/b/a Shanahan's Pub, Inc. ("D&R Catering") moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim for relief. Alternatively, Defendants moved for severance based on improper joinder.[1] After the Motions were filed and briefed, Slep-Tone dismissed D&R Catering with prejudice. For the reasons presented below, DeLong and Arrowsound's Motion to Dismiss is denied, and the Motion to Sever is granted. Defendants DeLong and Arrowsound are dismissed, for improper joinder, without prejudice.

## BACKGROUND

Slep-Tone, a North Carolina corporation, is a manufacturer and distributor of karaoke accompaniment tracks sold under the name "Sound Choice." (Am. Compl. ¶¶ 16-17.)[2] Slep-Tone owns federal trademark registrations for the "Sound Choice" word and design marks

---

[1] None of the Defendants has filed a reply brief in support of their Motions.
[2] The following facts are taken from the Complaint, which are assumed to be true for the purposes of a motion to dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

(the "Sound Choice trademarks"). (*Id.* ¶¶ 53-56.) Slep-Tone alleges that its trademarked karaoke recordings have been illegally copied, shared, distributed, sold by or to Defendants for use without paying Slep-Tone and without Slep-Tone's consent. When the Slep-Tone's pirated karaoke recordings are used to perform karaoke shows, the Sound Choice trademarks are displayed on the video screen. (*Id.* ¶ 21.)

On July 23, 2012, Slep-Tone filed its initial Complaint against twenty separately named defendants, including individual karaoke entertainers, associated corporate entities, and restaurants providing karaoke entertainment. Slep-Tone subsequently dismissed various Defendants and filed an Amended Complaint, which asserts claims for trademark and/or trade dress infringement (Count I); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count II); and a state law claim under the Illinois Deceptive Trade Practices Act (Count III). DeLong is a partner-owner of Arrowsound, and both are in the business of providing karaoke entertainment. (Am. Compl. ¶ 9.) Slep-Tone has filed a number of similar cases in other jurisdictions across the country.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Under the Federal Rules, the defendant can assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 578 (quoting *Twombly*, 550 U.S. at 570). To meet the plausibility standard, the plaintiff must

put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). A 12(b)(6) motion does not evaluate "whether a plaintiff will ultimately prevail" but instead whether the plaintiff is entitled to present evidence in support of the claims. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

## ANALYSIS

To state a claim for trademark or trade dress infringement under the Lanham Act, a plaintiff must allege that: (1) he owns a protectable trademark, and (2) the use of that mark by the defendant is likely to cause confusion among consumers. *Segal v. Geisha NYC LLC*, 517 F.3d 501, 506 (7th Cir. 2008); *see also Packman v. Chicago Tribune Co.*, 267 F.3d 628, 638 (7th Cir. 2001). A service mark is "in use in commerce" when the mark "is used or displayed in the sale or advertising of services and the services are rendered in commerce." 15 U.S.C. § 1127. Courts use the same analysis for deciding whether a plaintiff has stated a claim for unfair competition. *See, e.g., Flentye v. Kathrein*, 485 F. Supp. 2d 903, 918 (N.D. Ill. 2007) ("To state a claim of unfair competition under the Lanham Act, Plaintiffs must allege that (1) their mark is protectable, and (2) Defendants' use of the mark is likely to cause confusion among consumers."). Here, Defendants do not dispute that Slep-Tone has alleged ownership of a valid and protectable mark. Rather, Defendants argue that Slep-Tone has failed to allege Defendants used Slep-Tone's trademark in a manner likely to cause confusion.

Slep-Tone has alleged that "Defendants' use of the Sound Choice Marks, or of the Trade Dress, or both is likely to cause confusion, or to cause mistake, or to deceive the Defendants' customers and patrons into believing that the Defendants' services are being provided with the authorization of the Plaintiff and that the Defendants' music libraries contain bona fide Sound

3

Choice accompaniment tracks." (Compl. ¶ 92.) Slep-Tone has likewise alleged that "Defendants display SLEP-TONE's registered trademarks to their customers or potential customers for purposes of advertising to their customers the quality and superiority that is associated with SLEP-TONE products" and that "Defendants, both [Karaoke Jockeys] and venues, directly benefit from the advertisement of SLEP-TONE's registered trademarks." (*Id.* ¶¶ 34-35.) Construing all inferences in Slep-Tone's favor, as is required on a motion to dismiss, these allegations, taken in context with the other allegations of the Amended Complaint, plausibly state a claim for trademark infringement. Likewise, Slep-Tone has stated a claim for unfair competition under 15 U.S.C. § 1125(a). Slep-Tone has alleged that Defendants' use of counterfeit karaoke tapes with the Sound Choice trademarks is likely to cause confusion among customers (*see* Am. Compl. ¶¶ 98-99, 104-05) and that this unfair competition has harmed Slep-Tone and Slep-Tone's legitimate customers (*id.* ¶¶ 106-07).

For the same reasons, Slep-Tone has also stated a claim under the Illinois Uniform Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/2. Among other things, the DTPA provides that "[a] person engages in a deceptive trade practice when . . . the person : . . . causes a likelihood of confusion or misunderstanding as to the source, sponsorship . . . . [etc.]." 815 ILCS 510/2(a)(2). Slep-Tone's DTPA claim mirrors its Lanham Act claims; where factual allegations underlying a Lanham Act claim also form the basis for a claim under the DTPA, the DTPA claim "must rise or fall based on the Lanham Act claim." *MJ & Partners Rest. Ltd. P'ship v. Zadikoff*, 10 F.Supp.2d 922, 929 (N.D. Ill. 1998). Defendants' Motion to Dismiss is denied.[3]

---

[3] Defendants have put forth various other arguments that will not be addressed, as they are inappropriate on a motion to dismiss.

*Joinder*

Under Federal Rule of Civil Procedure 20(a)(2), defendants "may be joined in one action as defendants" if the following two conditions are met: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

Defendants argue that they should be severed from this action because they have no relationship with each other and were not involved in any of the same "transaction, occurrence, or series of transactions or occurrences" with any of the other Defendants. Slep-Tone responds that joinder is proper based primarily on its allegation that the infringement stems from its allegedly pirated karaoke tapes.

Courts in this district have repeatedly recognized that similarity of claims between a plaintiff and various defendants is not sufficient for joinder. *See, e.g., McDowell v. Morgan Stanley & Co.*, 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) ("One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20."); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004) ("The fact that the defendants allegedly violated the same trademark does not mean that plaintiffs' claims against them arise out of the same transaction or occurrence."); *Androphy v. Smith & Nephew, Inc.,* 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that defendants in patent-infringement case who sold different products and were competitors of one another were improperly joined); *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 128 (S.D.N.Y. 2003) ("The fact that two parties may manufacture or sell similar products, and that these sales or production may have infringed the identical patent owned by the

5

plaintiffs is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)."). Indeed, courts in other districts addressing similar lawsuits by Slep-Tone have held that Slep-Tone's allegations of infringement are insufficient to join many defendants. *See Slep-Tone Entm't Corp. v. Ellis Island Casino & Brewery, et al.*, No. 2:12-CV-239-KJD-NJK, 2013 WL 530905 (D. Nev. Feb. 11, 2013); *Slep-Tone Entm't Corp. v. Mainville, et al.*, No. 3:11-cv-122, 2011 WL 4713230 (W.D.N.C. Oct. 6, 2011).

Here, there are no allegations that Defendants DeLong or Arrowsound were involved in any "transaction, occurrence, or series of transactions or occurrences" with any of the other Defendants. Likewise, Slep-Tone does not allege that it engaged in any transaction with any of the Defendants; rather, it essentially admits that Defendants are virtual strangers to it and each other and that the only commonality is that Defendants at some point in time allegedly infringed on Slep-Tone's trademark. Because Slep-Tone has failed to allege a basis for joinder, it is proper to sever Defendants DeLong and Arrowsound from this matter. If Slep-Tone wishes to proceed against those Defendants, Slep-Tone must file a new action, including paying a filing fee, against DeLong and Arrowsound. If Slep-Tone so proceeds, Slep-Tone should indicate that any newly filed case is related to this matter.

## CONCLUSION

For the reasons stated above, Defendants DeLong and Arrowsound's Motion [95] to Dismiss is denied and the Motion to Sever is granted. Defendants DeLong and Arrowsound are dismissed without prejudice. It is further ordered that if Slep-Tone wishes to proceed against those severed Defendants, Slep-Tone must file a new action against DeLong and Arrowsound.

Defendant D&R Catering's Motion [87] is denied as moot; D&R Catering is dismissed with prejudice based on Slep-Tone's voluntary dismissal.

Date: October 22, 2013

JOHN W. DARRAH
United States District Court Judge